Venture Stores, Inc. v. Linda Schafer















IN THE
TENTH COURT OF APPEALS
 

No. 10-99-025-CV

     VENTURE STORES, INC.,
                                                                              Appellant
     v.

     LINDA SCHAFER,
                                                                              Appellee
 

From the 13th District Court
Navarro County, Texas
Trial Court # 98-00-08444-CV
                                                                                                               

MEMORANDUM OPINION
                                                                                                               

            On March 23, 1999, Appellant filed a motion to dismiss this appeal because the trial court
granted a motion for new trial. In relevant portion, Rule 42.1(a) of the Texas Rules of Appellate
Procedure provides:
(a) The appellate court may dispose of an appeal as follows:
(2) in accordance with a motion of appellant to dismiss the appeal or affirm the
appealed judgment or order; but no other party may be prevented from seeking
any relief to which it would otherwise be entitled. 
Tex. R. App. P. 42.1(a)(2).
      The Appellees have not filed a response to the motion. Accordingly, this cause is dismissed
with costs to be taxed against the Appellant. 
 
                                                                                     PER CURIAM


Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Dismissed
Opinion delivered and filed March 31, 1999
Do not publish



 records under Government Code, Chapter 552.
      Appellant filed a pauper’s affidavit pursuant to Rule 145, Texas Rules of Criminal Procedure. 
Chapter 14, § 14.003 of the Texas Civil Practice & Remedies Code applies to suits brought by an
inmate who has filed an affidavit of inability to pay costs. Section 14.003(a) allows a court to
dismiss a suit before or after process is served if the court finds: ....(2) the claim is frivolous or
malicious.... In determining whether a claim is frivolous or malicious the court may consider
whether (1) the claim’s realistic chance of success is slight; (2) the claim has no basis in law or
fact....
      Section 552.028, Request for Information from Incarcerated Individual.
(a) A governmental body is not required to accept or comply with a request for
information from an individual who is imprisoned or confined in a correctional facility.
 
(b) Subsection (a) does not prohibit a governmental body from disclosing to an individual
described by the subsection information held by the governmental body pertaining to that
individual.

      A governmental body is not required to furnish requested information to an inmate but is not
prohibited from disclosing information to an inmate pertaining to the inmate. Thus it is
discretionary with Appellee whether to furnish the requested information to Appellant, or to not
furnish him the requested information.
      The record reflects the prison authorities denied Appellant’s request for the information he
sought. Section 552.028 does not mandate that Appellee furnish Appellant the information. 
Appellant has not stated a cause of action and the trial court’s dismissal of his lawsuit was proper
under the provisions of Chapter 14, Texas Civil Practice & Remedies Code.
      Appellant’s point is overruled. The judgment is affirmed.
 
                                                                               FRANK G. McDONALD
                                                                               Chief Justice (Retired)


Before Chief Justice Davis,
      Justice Vance and
      Chief Justice McDonald (Retired)
Affirmed
Opinion delivered and filed September 9, 1998
Publish